UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| REBECCA SPEARS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:14-CV-317-TAV-HBG |
| | ) | |
| NHC HEALTHCARE/KNOXVILLE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

This civil action is before the Court on Plaintiff's Motion to Remand to State Court [Doc. 29]. Plaintiff moves the Court, pursuant to 28 U.S.C. § 1447(c) and Rule 7(b) of the Federal Rules of Civil Procedure, to remand this action to state court because the Court no longer has subject matter jurisdiction. Defendants oppose the motion in part [Docs. 32, 33].

Plaintiff originally filed this action in the Circuit Court for Knox County, Tennessee [Doc. 1]. Defendants removed the action to this Court [Doc. 1], asserting federal question jurisdiction—specifically, that plaintiff alleged violations of Title VII of the Civil Rights Act of 1964 [*Id.*]. Defendants then filed an answer and motions to dismiss [Docs. 5, 7, 8]. In response, plaintiff moved to amend the complaint [Doc. 13]. The parties subsequently submitted a joint motion for entry of an agreed order, in which they agreed that plaintiff would dismiss all claims against certain defendants without prejudice, that plaintiff could file a first amended complaint, and that the Court should

deny as moot the pending motions to dismiss without prejudice [Doc. 17]. The Court entered the proposed order reflecting this agreement [Doc. 18].

Plaintiff filed an amended complaint [Doc. 19]. In the amended complaint, plaintiff asserts only state-law claims under the Tennessee Human Rights Act and common law [*Id.*]. In response to the amended complaint, the remaining defendants filed an answer and motions to dismiss [Docs. 20, 22, 23]. Plaintiff responded to the motions to dismiss, but also filed the motion to remand that is currently before the Court.

In response to the motion to remand, defendants assert they do not oppose remand so long as the Court first rules on the pending motions to dismiss [Docs. 32, 33]. They state, "[j]udicial economy, convenience, and fairness weigh in favor of the Court exercising its discretion to retain jurisdiction until such time as the Court's business permits it to rule on the pending motion[s] to dismiss [*Id.*].

Because the basis for subject matter jurisdiction is determined at the time of removal, plaintiff's amendment does not destroy the basis for federal subject matter jurisdiction. *See Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000) (holding that the district court was not divested of subject matter jurisdiction upon the dismissal of the plaintiff's federal claims). But if, as here, the Court "has dismissed all claims over which it has original jurisdiction[,]" then 28 U.S.C. § 1367(c)(3) allows the Court to decline to exercise supplemental jurisdiction over the remaining state-law claims. In determining whether to retain jurisdiction over state-law claims, federal courts "balance the values of judicial economy, convenience to the parties, fairness, and comity to state courts." *Packard v. Farmers Ins. Co. of Columbus, Inc.*, 423 F. App'x 580, 583–

2

84 (6th Cir. 2011). "This includes the interest in not needlessly deciding state law issues." *Id.* In addition, the federal court may consider whether the plaintiff has attempted to manipulate the forum. *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010). Usually, however, when all federal claims are dismissed before trial, the considerations will point toward dismissing or remanding the state-law claims. *Id. Accord Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("If federal claims are dismissed before trial, the state claims generally should be dismissed as well."). *Cf. Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209–12 (6th Cir. 2004) (finding that the following factors weighed in favor of retaining supplemental jurisdiction over state-law claims: (1) plaintiff had engaged in forum manipulation, (2) defendants' summary judgment motions were ripe for disposition, and (3) the parties had completed discovery).

This case now involves solely state-law claims, so considerations of comity favor remand. Defendants argue plaintiff is trying to manipulate the forum. But even if plaintiff attempted to manipulate the forum, that factor alone does not outweigh the other considerations that suggest remanding this action to state court. *Gamel*, 625 F.3d at 949 ("Ultimately, the district court found that the only factor that weighed in favor of exercising supplemental jurisdiction was the retirees' forum manipulation, but decided that this factor alone was not sufficient to warrant retaining jurisdiction over the state-law claims. It concluded that exercising supplemental jurisdiction 'would not foster judicial economy and would result in . . . needlessly resolving issues of state law.'").

And other factors point to remand. This Court has not invested significant time or resources in the litigation, and discovery has been stayed [Doc. 37]. Defendants argue

the Court should retain jurisdiction because the motions to dismiss have been briefed twice in this Court. Defendants fail to note, however, that they agreed to dismiss their original motions to dismiss so that plaintiff could file an amended complaint asserting only state-law claims [*See* Docs. 16, 17]. And not all defendants have moved for dismissal [*See* Doc. 22]. Moreover, while defendants urge the Court to rule on the pending motions to dismiss and then decide the issue of remand, defendants have cited no authority suggesting the Court must address the motions to dismiss before deciding the motion to remand.

Therefore, this Court, in its discretion, will decline to exercise supplemental jurisdiction over the remaining state-law claims. *See Gamel*, 625 F.3d at 953 (upholding district court's decision to decline to exercise supplemental jurisdiction over state-law claims where plaintiffs filed an amended complaint after removal, which omitted federal claims). Plaintiff's Motion to Remand to State Court [Doc. 29] will be **GRANTED** and the Court will **REMAND** this action to the Circuit Court of Knox County. The Clerk of Court will be **DIRECTED** to **CLOSE** this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE